UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO ALBERTO HERNANDEZ,<br><br>Defendant. | Case No. 1:19-cr-00126-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court in the above entitled matter is Defendant Mario Hernandez's Motion for Return of Seized Money under 18 U.S.C. § 1963(c). Dkt. 47. The Government has not filed a response. For the reasons set forth below, the Court DENIES the motion.

# II. BACKGROUND

On April 10, 2019, a federal grand jury indicted Hernandez on three counts of distribution of methamphetamine under 21 U.S.C. § 841(a)(1)–(b)(1)(C) in addition to a criminal forfeiture allegation under 21 U.S.C. § 853.[1] Dkt. 1, at 1–4. On April 12, 2019, the District Court issued an arrest warrant for Hernandez, and he was apprehended on April

---

[1] The indictment was issued after Hernandez sold an undercover officer a combined 209.30 grams of actual methamphetamine on three separate occasions: March 7, 14, and 25 of 2019. Dkt. 39, at ¶ 6–12. When Hernandez was apprehended, he was found in possession of 1,047.90 grams of methamphetamine mixture. *Id.* Law enforcement found further evidence to support drug trafficking by Hernandez after reviewing cell phone text messages between Hernandez and others. *Id.*

17, 2019. Dkt. 2. While Hernandez was being apprehended, law enforcement simultaneously executed a search warrant upon his residence in Twin Falls, Idaho. Dkt. 39, at ¶ 11–13. During the search, law enforcement found no drugs, but did locate $2,980 cash in a suit jacket pocket which law enforcement believed was money generated from drug proceeds.[2] *Id*. In a subsequent interview between Hernandez and law enforcement, Hernandez told officers: "he did not have any drugs at his [Twin Falls] home, but there was an unknown quantity of cash in a jacket pocket." *Id*.

On August 22, 2019, Hernandez signed a plea agreement in which he accepted responsibility for all charges and agreed to enter into a forfeiture order as part of the sentence under § 853(p).[3] Dkt. 29, at 4–7. The criminal forfeiture was to be separate from

---

[2] Hernandez claims the Government seized $3,000 in cash from his Twin Falls residence; however, the presentence investigation report indicates $2,980 was confiscated. Dkts. 39, at ¶ 11–13; 47, at 1.

[3] (a) Property subject to criminal forfeiture.

> Any person convicted of a violation of this title or title II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
>
> (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 408 of this title (21 U.S.C. 848), the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.
>
> The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this title or title III, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part [21 USCS §§ 841 et

"all other penalties, including monetary ones, and [] also separate from restitution." *Id*. at 4–6. The plea agreement also recognized Hernandez's admission of responsibility, his agreement to a base level under the drug quantity table of thirty-four, and his cooperation in other ongoing investigations by law enforcement. *Id*. at 4–10. Furthermore, the plea agreement required Hernandez to waive all rights under the agreement except those provided under a direct appeal or a motion via 28 U.S.C. § 2255.[4] *Id*. at 10–12.

Pursuant to the plea agreement Hernandez signed, this Court found him guilty under § 841(a)(1) of one count for the distribution of methamphetamine and dismissed the second and third counts under the same statute.[5] Dkt. 44, at 1. Thereafter, Hernandez was sentenced to 132 months incarceration with five years of supervised release to follow.[6] *Id*.

---

seq.], a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

(b) Meaning of the term "property."

Property subject to criminal forfeiture under this section includes—

(1) real property, including things growing on, affixed to, and found in land; and

(2) tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

21 U.S.C. § 853 (a)–(b).

[4] 28 U.S.C. § 2255(f)(1–4) (stating a one year statute of limitations period applies to a motion brought under this section from the time that a judgment of conviction becomes final). A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); *see United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

[5] Hernandez's attorney at the time also signed the plea agreement. Dkt. 29, at 16.

[6] The Court departed from the presentence investigation report guidelines for incarceration due, in part, to the plea agreement and Hernandez's acceptance of responsibility. Dkts. 46, at 1–4; 29, at 8.

MEMORANDUM DECISION AND ORDER-3

at 2–6.

On May 11, 2021, Hernandez brought his Motion for Return of Seized Money requesting this Court to return the $2,980 to his inmate trust fund account. Dkt. 47, at 1–4.

### III. LEGAL STANDARD

Hernandez seeks the return of cash seized by the Government obtained under a search warrant of his residence in Twin Falls, Idaho. Dkts. 39, at ¶ 11–13; 47, at 1–4. However, Hernandez knowingly plead guilty to the distribution of methamphetamine and the criminal forfeiture of property under § 853(p) via a plea agreement. Dkt. 29, at 4–7.

Plea agreements, including appeal waivers, are essentially contracts that courts interpret according to contract principles. *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (citing *United States v. Gerace*, 997 F.2d 1293, 1294 (9th Cir. 1993)). "This customary reliance on contract law applies to interpretation of an appeals waiver within a plea agreement, and [the court] will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Lo*, 997 F.3d at 783 (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1152 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)). Furthermore, "[the court] will enforce a valid waiver even if the claims that could have been made on appeal absent that waiver appear meritorious, because '[t]he whole point of a waiver . . . is the relinquishment of claims regardless of their merit.'" *Id.* (citing *United States v. Medina-Carrasco*, 815 F.3d 457, 461–63 (9th Cir. 2016) (alterations in original)) (quoting *United States v. Nguyen*, 235 F.3d 1179, 1184 (9th Cir. 2000)). Additionally, any plea agreement that includes a provision forfeiting certain property must be in writing and

the defendant must concede facts supporting the forfeiture. *Libretti v. United States*, 516 U.S. 29, 43 (1995). However, the district court is not bound by the terms found in the plea agreement, and as long as the sentence is within the applicable guideline range—or if there is a departure for justifiable reasons—the sentence will not be disturbed on appeal. *Id.*

In addition to the terms under a plea agreement, Rule 32.2(a) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2461(c) outline certain notice requirements the Government must meet before a forfeiture of property can take place. *Lo*, 997 F.3d at 790 (citing *United States v. Newman*, 659 F.3d 1235, 1242–45 (9th Cir. 2011) (affirming the district court may rely on statements in any written plea agreement as factual)); *Libretti*, 516 U.S. at 40–41 (ruling that forfeiture of property is part of the punishment for certain drug-tainted assets under § 853).

In order for a court to recognize criminal forfeiture, either the indictment or the information must contain notice that the government will seek forfeiture as part of any sentence in accordance with the applicable statute. Fed. R. Crim. P. 32.2(a). However, notice of forfeiture does not require a charge in the indictment or the corresponding reports, and the indictment or information "need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment" that the government may seek in a case. *Id.* Additionally, where property constituting proceeds of a criminal action cannot be obtained, the government may seek substitute property as allowed under Rule 32.2(e) and § 853(p). *Lo*, 997 F.3d at 790; *Newman*, 659 F.3d at 1242–43. Furthermore, § 2461 states the procedures in § 853 "apply to all stages of a criminal forfeiture proceeding" barring an

exception that does not apply in this case.[7] § 2461 (a)–(c); *see Libretti*, 516 U.S. at 41–48.

## IV. DISCUSSION

In this case, Hernandez seeks the return of cash forfeited to the government under his plea agreement and as outlined in the Judgment on February 18, 2020. Dkts. 29, at 1–17; 44, at 1–7. Under Hernandez's plea agreement, Section E expressly covers forfeiture of the $2,980 under § 853(p) as proceeds obtained as a result of the offense. Dkt. 29, at 5–7; *Lo*, 839 F.3d at 783–91 (finding a plea agreement is a binding contract between the government and a defendant that will be upheld regardless of the merits underlying claims waived by said agreement). In the presentence investigation report, the Government believes this money was from drug proceeds, and Hernandez did admit to selling methamphetamine for "the past two months" prior to his arrest in April 2019.[8] Dkt. 39, at ¶ 11–13. Indeed, Hernandez even sold and accepted a combined $3,400 in cash from an undercover officer during the month of March 2019.[9] Dkt. 39, at ¶ 6–13; *Libretti*, 516 U.S. at 44–48 (holding criminal forfeiture under § 853 is allowed if the product of a drug transaction during "all stages of a criminal forfeiture proceeding" is part of the sentence of a defendant); *Newman*, 659 F.3d at 1240–43 (ruling monetary forfeiture is a mandatory sanction required under Congressional statutes when obtained from criminal proceedings);

---

[7] Section 2461(c) permits the government to seek criminal forfeiture whenever civil forfeiture is available, and the defendant is found guilty. *Newman*, 659 F.3d at 1239.

[8] Hernandez also admitted to owing someone approximately $18,000 for methamphetamine. Dkt. 39, at ¶ 13.

[9] Hernandez sold to the undercover officer on three separate occasions on March 7, 14, and 25 of 2019 for $900, $900, and $1,600 respectively. Dkt. 39, at 12.

*Lo*, 997 F.3d at 790–92.

Also, Hernandez, at the advice of his counsel, expressly waived the requirements relating to the forfeiture of property under the Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) in his plea agreement.[10] Dkts. 29, at 1–17; 47, at 5–6; *Libretti*, 516 U.S. at 367–69; *Newman*, 659 F.3d at 1242–45; *Lo*, 839 F.3d at 783. In addition to waiving his right to contest property forfeiture, Hernandez's plea agreement included a waiver of his right to contest his guilty plea.[11] Dkt. 29, at 10–12; *Libretti*, 516 U.S. at 367–69. However, Hernandez was allowed to retain his right to a direct appeal, or a motion brought under 28 U.S.C. § 2255. Dkt. 29, at 10–12; *Libretti*, 516 U.S. at 367–69. In this case, more than one year has elapsed since Hernandez was sentenced, no direct appeal has been filed, and Hernandez recently filed a motion for compassionate release under § 2255. Dkt. 48. But, Hernandez's forfeiture claim falls outside of either of these exceptions and operates as punishment for the criminal conduct in violation of federal drug laws. Dkt. 48; *Libretti*, 516 U.S. at 363. Accordingly, it cannot be collaterally attacked.

Thus, given the plain, clear, and unambiguous language of the plea agreement, Hernandez lacks any evidence to sustain his claim that the criminal forfeiture of money

---

[10] "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *Jeronimo*, 398 F.3d at 1153).

[11] "Plea agreements are generally construed according to the principles of contract law, and the government, as drafter, must be held to an agreement's literal terms." *Leniear*, 574 F.3d at 672 (quoting *United States v. Anglin*, 215 F.3d 1064, 1066–67 (9th Cir. 2000)). Furthermore, "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *Libretti*, 516 U.S. at 362 (quoting *United States v. Broce*, 488 U.S. 563, 570 (1989)).

was confiscated illegally, without due process or notice, or that his plea agreement did not expressly waive his right to contest forfeiture of the money.

## V. CONCLUSION

For all the reasons stated above, the Court finds no reason to grant Hernandez's Motion for Return of Seized Money at this time. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the motion is DENIED.

## VI. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

a. Hernandez's Motion for the Return of Seized Money under 18 U.S.C. § 1963(c) (Dkt. 47) is **DENIED**.

b. The Court finds there is no need for an evidentiary hearing.

DATED: July 12, 2021

David C. Nye
Chief U.S. District Court Judge