UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00126-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| MARIO ALBERTO HERNANDEZ, | |
| Defendant. | |

# I. INTRODUCTION

Pending before the Court is Defendant Mario Alberto Hernandez's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). Dkt. 57. Hernandez filed a Motion for Compassionate Release on May 25, 2021. Dkt. 48. The Court denied his Motion on July 12, 2021.[1] Dkt. 51. On March 3, 2022, Hernandez filed a Motion for Reconsideration. Dkt. 57. For the reasons given below, and for those given in the July 12, 2021 Order, the Court DENIES the Motion.

# II. BACKGROUND

The Court has already set forth the facts of this case and incorporates them by reference only. *See United States v. Hernandez*, 2022 WL 326611, at *1–2 (D. Idaho Feb. 2, 2022).

---

[1] The Court denied Hernandez's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) because he failed to demonstrate any "extraordinary and compelling reason" for his release. Furthermore, he failed to show how a sentence reduction is consistent with the goals of 18 U.S.C. § 3553(a).

### III. LEGAL STANDARD

Hernandez asks the Court to reconsider his Compassionate Release Motion under Fed. R. Civ. P. 59(e). *See United States v. Arciero*, 2020 WL 4678405, at *1 (D. Haw. Aug. 12, 2020) ("In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure."). A motion under Rule 59(e) must be filed within 28 days of the entry of judgment. Because the current motion was filed outside the 28 day allotment, the motion is untimely. However, Courts routinely consider Rule 59(e) motions in conjunction with Rule 60(b)[2] which has a more lenient one year limitation. *See McAllister v. Adecco Group N.A.*, 2018 WL 6682984, at *1 n.2 (D. Haw. Dec. 19, 2018) ("The standards for reconsideration under Rules 59(e) and 60(b) are substantially similar"). Therefore, the Court will consider the Motion under 60(b) to afford due deference to Hernandez.

### IV. DISCUSSION

Hernandez asks the Court to reconsider his Motion for Compassionate Release. That

---

[2] A motion under Rule 60(b) may be granted for one of six reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Motion was premised under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. To qualify for compassionate release, a claimant must show "extraordinary and compelling reasons" which justify an early release. The Court found that Hernandez did not meet this burden. *See Hernandez*, 2022 WL 326611. Moreover, the Court concluded that granting a compassionate release would go against the sentencing factors outlined in 18 U.S.C. § 3553(a). *Id*. at *5.

Hernandez has not introduced anything in his Motion for Reconsideration that warrants the Court altering its previous Order. Hernandez's first point of contention is that the Court committed a "manifest error in law."[3] He asks the Court to consider a study from the CDC which found that Vaccine effectiveness wanes over time. Dkt. 57, at 2–3. The Court pointed out in the July 12, 2021 Order that Hernandez never received the second dose of the Covid-19 vaccine. *Hernandez*, 2022 WL 326611, at *3. Nothing in Hernandez's Motion changes this fact. As explained in the Court's earlier opinion—and even discussed in Hernandez's Motion—a vaccine's effectiveness increases after the second dose. Receiving the second dose would substantially solve Hernandez's fears. Thus, the Court sees no error here. Additionally, the Court is tasked with deciding legal issues, not medical issues. Hernandez styles the Court's prior "error" as legal. But, in reality, he is asking the Court to consider an academic article on a medical issue. While the Court occasionally

---

[3] Hernandez made this argument under Rule 59(e). *See* Dkt. 57, at 2. However, as noted above, because 59(e) is inapplicable here, the Court will consider this argument under Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect").

MEMORANDUM DECISION AND ORDER - 3

must review medical opinions in certain cases, this is not one of those circumstances. The Court takes no position on the CDC study. But, either way, that study does not change the Court's prior opinion that Hernandez's health concerns do not warrant early release.

Second, Hernandez argues that the Court made a procedural error. Dkt. 57, at 5. There are no grounds under Rule 60(b) for the Court to alter its previous order for procedural errors. However, the error contemplated by Hernandez is not so much procedural but rather a "mistake arising from oversight." *See* Fed. R. Civ. P. 60(a). The Court will therefore consider this under Rule 60(a)–(b).

Hernandez claims that the Court committed an error by not considering his claim "that he lacks an ability to provide self-care" Dkt. 57, at 5. The Court takes this to mean that Hernandez thinks he would be better suited to take care of himself at home. Under the sentencing guidelines and under the discretion of the Court, this does not amount to extraordinary and compelling.[4]

Hernandez further mentions harsh conditions of confinement. *Id.* While the Court is sympathetic to the harsh conditions posed by prison life, this alone, does not warrant early release. Hernandez is currently housed in FCI Victorville, California. According the Federal Bureau of Prison website, there are currently zero reported cases of COVID-19 at

---

[4] The Court is cognizant of the fact that Hernandez signed an affidavit stating that Medical Staff failed to provide him with insulin. *See* Dkt. 57–Attach A ⁋ 4. While the Court takes note of this, it does not warrant a granting of a compassionate release motion. Claims about medical treatment are better captured in19 an eighth amendment claim via 42 U.S.C.A. § 1983. *See*, *e.g.*, *United States v. Brown*, 2022 WL 609559, at *3 (W.D. La. Feb. 28, 2022) (noting that a compassionate release motion under § 3582(c)(1)(A) is not the proper avenue for complaints about the quality of medical care).

MEMORANDUM DECISION AND ORDER - 4

that location.[5] This is a far cry from "harsh conditions"—at least in the context of Covid-19.[6]

In short, the Court will not alter its previous order. For the reasons thus given, and for those detailed in the Court's first order, Hernandez's Motion for Reconsideration is DENIED. His Motion for Compassionate Release remains DENIED.

## V. ORDER

The Court HEREBY ORDERS:

1. Hernandez's Motion for Reconsideration (Dkt. 57) is DENIED.

DATED: September 22, 2022

David C. Nye
Chief U.S. District Court Judge

---

[5] Federal Bureau of Prisons, COVID-19 Information, available at https://www.bop.gov/coronavirus/ (last accessed Sep. 9, 2022).

[6] Hernandez also states that he should be released to care for his brother. Dkt. 57, at 4. As the Court previously noted, while admirable, caring for a brother *does not* fall within the statutory framework of "family circumstances" justifying release. Dkt. 56, at 10.

MEMORANDUM DECISION AND ORDER - 5